**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RANDOLFO CABRERA RECINOS; GLORIA ISABEL FAJARDO, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | Nos. 07-70629 <br> 07-73328 <br><br> Agency Nos. A096-351-297 <br> A096-351-298 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2010[**]

Before:    TASHIMA, BERZON, and CLIFTON, Circuit Judges.

In these consolidated appeals, Randolfo Cabrera Recinos and Gloria Isabel

Fajardo, natives and citizens of Guatemala, petition for review of the Board of

Immigration Appeals' ("BIA") order reversing the immigration judge's decision

granting cancellation of removal, as well as the BIA's denial of their motion to

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and review de novo claims of due process violations in immigration proceedings, including ineffective assistance of counsel claims, *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We dismiss the petition for review in No. 07-70629 and we deny the petition for review in No. 07-73328.

The record does not support petitioners' contention that the BIA applied the wrong legal standard, and petitioners' due process and equal protection claims do not amount to colorable constitutional claims. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005) ("traditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction."). Therefore, we lack jurisdiction to review the BIA's discretionary determination that petitioners failed to show exceptional and extremely unusual hardship to their United States citizen children. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 980-81 (9th Cir. 2009) (court lacks jurisdiction to review application of the exceptional and extremely unusual hardship standard to the facts of a case, "be they disputed or otherwise.").

The BIA did not abuse its discretion in denying petitioners' motion to reopen based on new evidence of hardship because the BIA considered the

07-70629

evidence of lead petitioner's and his U.S. citizen daughters' mental health disorders, and acted within its broad discretion in determining the evidence was insufficient to establish prima facie eligibility for cancellation of removal. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002) (BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational, or contrary to law").

The BIA also did not abuse its discretion in denying petitioners' motion to reopen based on the claim that prior counsel provided ineffective assistance when he withdrew their application for asylum, withholding of removal and protection under the Convention Against Torture, because petitioners did not submit an application for the relief sought with their motion to reopen and remand. *See* 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings for the purpose of submitting an application for relief must be accompanied by the appropriate application for relief and all supporting documentation").

**No. 07-70629:  PETITION FOR REVIEW DISMISSED.**

**No. 07-73328:  PETITION FOR REVIEW DENIED.**